UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATT KLINE | ECF CASE |
| Plaintiff | Case Number: |
| vs. | |
| | CIVIL COMPLAINT |
| HSBC BANK NEVADA, N.A. | |
| & | |
| PEROUTKA & PEROUTKA, P.A. | JURY TRIAL DEMANDED |
| Defendants | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Matt Kline, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Matt Kline, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of New York General Business Law §349, and Breach of Contract.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant, HSBC, maintains a primary location in this District.

### III. PARTIES

4. Plaintiff, Matt Kline, is an adult natural person residing at 7273 Darby Downs, Elkridge, MD 21075. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, HSBC Bank Nevada, N.A. ("Defendant, HSBC") at all times relevant hereto, is and was a corporation engaged in the business of providing financial services nationwide, including, but not limited to the States of Maryland and the State of New York and has primary location at One HSBC Center, Buffalo, NY 14203.

6. Defendant, Peroutka & Peroutka, P.A. ("Defendant, Peroutka & Peroutka"), at all times relevant hereto, is a professional association engaged in the business of collecting debt within the state of New York with a primary address located at 8028 Ritchie Highway, Suite 300, Pasadena, MD 21122.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

8. On or about October 12, 2010, Plaintiff with the aid of his personal legal counsel entered into a settlement arrangement with Defendant, Peroutka & Peroutka for a debt allegedly owed to Defendant, HSBC. **See "EXHIBIT A" (letter) attached hereto.**

9. Plaintiff settled his original account balance of $653.40 with Defendant, Peroutka & Peroutka, for $270.00.

10. Plaintiff was to pay settlement amount in six (6) monthly payments of $45 beginning on October 30, 2010 and continuing until the balance was paid in full.

11. On or about October 21, 2010, Plaintiff issued first payment to Defendant, Peroutka & Peroutka, as agreed upon.

12. On or about October 28, 2010, Defendant, Peroutka & Peroutka, received and accepted the above payment.

13. Defendant, Peroutka & Peroutka, did not return the Plaintiff's above payment.

14. On or about November 22, 2010, Plaintiff issued his second monthly check of $45 to Defendant, Peroutka & Peroutka.

15. On or about November 29, 2010, Defendant, Peroutka & Peroutka, received and accepted Plaintiff's second payment.

16. On or about December 27, 2010, Plaintiff issued third check to Defendant, Peroutka & Peroutka.

17. On or about December 29, 2010, Defendant, Peroutka & Peroutka, received and deposited this check.

18. On or about January 18, 2011, Plaintiff issued his fourth check to the Defendant, Peroutka & Peroutka.

19. On or about January 21, 2011, Defendant, Peroutka & Peroutka, returned Plaintiff's check along with a letter stating that the Plaintiff's account had been recalled by Defendant, HSBC, and that the Plaintiff now needed to contact NCO Financial to work out a settlement arrangement.  **See "EXHIBIT B" (letter) attached hereto**.

20. Defendant, Peroutka & Peroutka, did not give any reason as to why Defendant, HSBC, recalled his account since the account had been settled and was being paid on in a timely manner.

21. Defendant, Peroutka & Peroutka, has never returned Plaintiff's first three payments.

22. Plaintiff has not had any contact from NCO Financial in regards to this account.

23. Plaintiff has never heard from Defendant, HSBC, as to why the above referenced account was recalled.

24. Defendants, Peroutka & Peroutka & HSBC, have failed to honor the settlement agreement that was promised and in place with the Plaintiff at no fault of the Plaintiff's.

25. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

27. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

28. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and

pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

### Plaintiff v. Peroutka & Peroutka, P.A.

29. The above paragraphs are hereby incorporated herein by reference.

30. At all times relevant hereto, Defendant, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Peroutka & Peroutka, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

### Plaintiff v. Peroutka & Peroutka, P.A. & HSBC

32.  Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

33.  Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

34.  GBL §349 provides in relevant part as follows:

(a)  Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g)  This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h)  In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both

such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

35. As a direct and proximate result of Defendants deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a.   Actual damages;

b.   Statutory damages pursuant to 15 U.S.C. § 1692k;

c.   Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.   Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT III

### BREACH OF CONTRACT

#### Plaintiff v. Peroutka & Peroutka, P.A. and HSBC

36. The above paragraphs are hereby incorporated herein by reference.

37. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants promised to Plaintiff the opportunity to participate

in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

38. Plaintiff fulfilled his contractual obligation by making timely payments.

39. Defendants HSBC Bank and Peroutka & Peroutka have failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Peroutka & Peroutka, P.A. and HSBC for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: April 13, 2011**       BY:_____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff
bkw@w-vlaw.com